## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FREEDOM WATCH,
2020 Pennsylvania Ave. NW, Suite 345
Washington, DC, 20006


                    Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATION
170 Marcel Drive
Winchester, VA, 22602

And

U.S. DEPARTMENT OF JUSTICE
LOC Building, Room 115
Washington, DC, 20530

And

BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND
EXPLOSIVES
99 New York Ave, NE, Room 4E.301
Washington, DC, 20226


                    Defendants.

## **COMPLAINT**

   Plaintiff Freedom Watch, Inc. ("Freedom Watch") brings this action against Defendants

Federal Bureau of Investigation ("FBI"), U.S. Department of Justice ("DOJ") and Bureau of

Alcohol, Tobacco, Firearms and Explosives ("ATF") to compel compliance with the Freedom of

Information Act, 5 U.S.C.§ 552 ("FOIA"). As grounds therefore, Freedom Watch alleges as

follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5. U.S.C. § 552(a)(4)(B) and 28 § U.S.C 1331.

2.      Venue is proper in this district pursuant to 28. U.S.C. § 1391(e).

## PARTIES

3.      Plaintiff Freedom Watch, Inc. is a 501(c)(3), non-profit, public interest group organized under the laws of the District of Columbia and having its principal place of business at 2020 Pennsylvania Ave., NW Suite 345, Washington, DC, 20006. Plaintiff seeks to promote openness within the federal government and its actions. Among other endeavors, Plaintiff regularly requests records under FOIA to shed light on the operations of the federal government and to educate the public about these operations. Plaintiff then analyzes the agency records and disseminates the results of its analysis to the public.

4.      Defendant FBI is an agency of the U.S. Government. FBI has possession, custody, and control of records to which Plaintiff seeks access.

5.      Defendant DOJ is an agency of the U.S. Government. DOJ has possession, custody, and control of records to which Plaintiff seeks access.

6.      Defendant ATF is an agency of the U.S. Government. ATF has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

7.      On August 21, 2018, Freedom Watch sent a FOIA requests to Defendants by facsimile and U.S.P.S. Certified Mail.

*Request #1*: Any and all documents and records as defined and set forth above that refer or relate to Francis Schaeffer Cox. For the purposes of this request, please search all variations of Mr. Cox's name, including: Francis August Schaeffer Cox, F.A. Schaeffer Cox, Francis Cos, Francis S. Cox, Schaeffer Cox,

and F. Schaeffer Cox.

*Request #2*: Any and all documents and records as defined and set forth above that refer or relate to William Fulton's ("Mr. Fulton") activities as a confidential informant for any federal government agency. For identification purposes, Mr. Fulton is from Alaska, and owned Drop Zone Security, and wrote the 2017 book The Blood of Patriots (ISBN No. 9781944648077).

*Request #3*: Any and all documents and records as defined and set forth above that refer or relate to FBI Special Agent Sandra Klein's or any other person's or entities involvement in *United States v. Cox*, 11-cr-022, (D. AK.).

*Request #4*: Any and all documents and records as defined and set forth above that refer or relate to Aaron Bennett ("Mr. Bennett") activities as a confidential informant for any federal government agency that occurred in the state of Alaska.

A true and correct copy of Freedom Watch's FOIA Request and Proof of Service are attached hereto as **Exhibit 1**.

8.      Defendants were required to determine whether to comply with Freedom Watch's FOIA Request within 10 days on an expedited basis, excepting Saturdays, Sundays, and legal public holidays, pursuant to 5 U.S.C.§ 552(a)(6)(E)(ii)(I), based on Freedom Watch's request for expedited processing. Pursuant to 5 U.S.C.§ 552, Defendants were also required to notify Freedom Watch immediately of this determination, the reasons therefore, and the right to appeal any adverse determination to the head of the agency. Excluding weekends, and since there were no legal public holidays within the timeframe, Defendants were required to make its determination and provide Freedom Watch with requisite notifications regarding Freedom Watch's FOIA Request by September 4, 2018

9.      As of the date of this Complaint, Defendants have failed to make bona fide, good faith determinations, or respond in any way, about whether they will comply with Freedom Watch's request. Nor have Defendants produced any records responsive to Freedom Watch's

request, indicated when any responsive records will be produced, or demonstrated that specific responsive records are exempt from production.

## FIRST CAUSE OF ACTION
### (Violation of FOIA, 5 U.S.C. § 552)

10.    Freedom Watch realleges paragraphs 1 through 8 as if fully stated herein.

11.    Defendants are unlawfully withholding records requested by Freedom Watch's subject FOIA Request pursuant to 5 U.S.C. § 552 as set forth in Exhibit 1, which is incorporated herein by reference.

12.    Freedom Watch is being irreparably harmed by reason of Defendants' unlawful withholding of requested records, and Freedom Watch will continue to be irreparably harmed unless Defendants are compelled to conform its conduct to the requirements of the law.

13.    Freedom Watch respectfully requested a FOIA fee waiver pursuant to 5 U.S.C. § 552, as Freedom Watch is a non-profit, public interest group that seeks, inter alia, to promote openness within the federal government and their actions. Freedom Watch regularly requests records under FOIA to shed light on the operations of the federal government and to educate the public about these operations. Freedom Watch then analyzes the agency records and disseminates the results of its analysis to the public at large.

WHEREFORE, Freedom Watch respectfully request that the Court: (1) order Defendants to conduct a search for any and all responsive records to Freedom Watch's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Freedom Watch's FOIA Request; (2) order Defendants to produce, by a certain date, any and all non-exempt records responsive to Freedom Watch's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exception; (3) enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Freedom

Watch's FOIA request; (4) grant Freedom Watch an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Freedom Watch such other relief as the Court deems just and proper.

Dated: September 11, 2018                    Respectfully submitted,

                                             */s/ Larry Klayman*
                                             Larry Klayman, Esq.
                                             Freedom Watch, Inc.
                                             D.C. Bar No. 334581
                                             2020 Pennsylvania Ave, NW
                                             Suite 345
                                             Washington, DC, 20006
                                             Tel: (310) 595-0800
                                             Email: leklayman@gmail.com

EXHIBIT 1



# FREEDOM WATCH

► www.FreedomWatchUSA.org

► **World Headquarters** 2020 Pennsylvania Avenue, N.W., Suite 345, Washington, DC 20006-1811   ► (310) 595-0800   ► leklayman@gmail.com

August 21, 2018

VIA FASCIMILE AND MAIL

FOIA/PA Mail Referral Unit
U.S. Department of Justice
LOC Building, Room 115
Washington, DC 20530-0001
Fax: (202) 616-6695

Federal Bureau of Investigation
Attn: FOI/PA Request
Record/Information Dissemination Section
170 Marcel Drive
Winchester, VA, 22602
Fax: (540) 868-4391

Bureau of Alcohol, Tobacco, Firearms and Explosives
Disclosure Division, Room 4E.301
99 New York Ave, NE
Washington, DC, 20226
Fax: (202) 648-9619

Re:    Freedom of Information Act Requests

Dear Ladies and Gentlemen:

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and regulations promulgated thereunder, we hereby request from the U.S. Department of Justice (DOJ), Federal Bureau of Investigation ("FBI"), and Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") any and all documents that refer or relate in any way to the specific request set forth below.

Freedom Watch requests expedited processing of this request pursuant to 5 U.S.C. § 552(a)(6)(E)(ii)(I) and 28 C.F.R. § 16.5 (e) of the regulations governing the the requestees' operations because time is of the essence in the events at issue for public knowledge of the nation's citizens.

Freedom Watch requests that you provide the requested documents within ten (10) calendar days of receipt of this request.

## FREEDOM OF INFORMATION REQUESTS

For the purpose of this Freedom of Information Act Request ("FOIA Request"), you must consider and comply with this request in good faith and in a timely matter.  Please note that a document that has been altered with the addition of handwritten notes or other information added is not the same document as the unaltered original.

### Definitions

For the purpose of this FOIA request the term "document" is hereby defined expansively to include any or all of the following, whether existing as electronic, digital, or computer data, in electronic or digital form, or in paper form:  correspondence, letters, memoranda, recommendations, records, orders, plans, proposals, meeting agendas, minutes of meetings, briefing materials, progress reports, weekly reports, talking points, briefing papers, requests for action, telephone logs, telephone message books, notes of phone messages or visits, routing slips, buck slips, standard government forms containing information filled in on lines or blank spaces, slide presentations, "card decks" (for presentations at meetings), power-point presentations, facsimiles (faxes), notes, handwritten notes, notes to the file, requests for decision, requests for authorization, tape recordings, video recordings, electronic mail (email) messages, summaries, briefs, orders, written decisions, applications, , and/or other documents and things.  In addition, with regard to payments to persons or vendors, documents also include all invoices, bills, contracting records, commitment of funds, obligation of funds, or disbursement records.

For the purposes of this FOIA request, you are to search and produce any responsive documents or records that are within DOJ, the FBI and the ATF and their subdivisions' and agencies' possession, custody, or control regardless of who authored or created the document or record.

For the purposes of this FOIA request, the term "communication" includes any form of communication, such as by letter, by facsimile, by note, by telephone text message, by electronic mail (email), computer messaging service, or by any other means.

The time period for records that we request is records created on or after August 15, 2008 through and including August 21, 2018.

### Requests

Request #1          Any and all documents and records as defined and set forth above that refer or relate to Francis Schaeffer Cox. For the purposes of this request, please search all variations of Mr. Cox's name, including: Francis August Schaeffer Cox, F.A. Schaeffer Cox, Francis Cos, Francis S. Cox, Schaeffer Cox, and F. Schaeffer Cox.

Request #2          Any and all documents and records as defined and set forth above
                    that refer or relate to William Fulton's ("Mr. Fulton") activities as a
                    confidential informant for any federal government agency. For
                    identification purposes, Mr. Fulton is from Alaska, and owned Drop
                    Zone Security, and wrote the 2017 book The Blood of Patriots
                    (ISBN No. 9781944648077).

Request #3          Any and all documents and records as defined and set forth above
                    that refer or relate to FBI Special Agent Sandra Klein's or any other
                    person's or entities involvement in *United States v. Cox*, 11-cr-022,
                    (D. AK.).

Request #4          Any and all documents and records as defined and set forth above
                    that refer or relate to Aaron Bennett ("Mr. Bennett") activities as a
                    confidential informant for any federal government agency that
                    occurred in the state of Alaska.

## **LEGAL GUIDELINES**

In accordance with FOIA and its regulations, policies and precedents directing that
the FOIA focuses on information, not only documents, we request maximum disclosure of
information and documents, including any segregable portions of documents if some
portions are withheld due to a claim of privilege or exemption.

If any documents are withheld subject to any claim of privilege or exemption, we request
complete information about each document withheld, including which paragraph of the
request to which the document is responsive; the author and title of the document; an
explanation of the applicability of the claimed exemption to the contents of the document;
and  the name and title of each person responsible for the denial.

Furthermore, as to any claim that documents will be withheld on the basis of any
deliberative process privilege we draw your attention to the legal requirements that the
deliberative process exemption does not permit withholding of --

    (a) facts which are segregable from deliberations
    (b) opinions about such facts which merely convey or further describe factual
        information;
    (c) any deliberations unrelated to any actual decision;
    (d) any deliberations in areas where there are allegations of governmental
        misconduct, and
    (e) deliberations, opinions, or recommendations that are incorporated into a final
        decision and/or which serve to explain a final decision by the government.

We therefore demand production of all documents in unredacted form notwithstanding any possible claim of the deliberative process exemption or any other claimed exemption.

### <u>REQUEST FOR FEE WAIVER</u>

The requesters also respectfully request a blanket fee waiver on behalf of the public interest, to which it is entitled under 5 U.S.C. § 552(a)(4)(A); *see also, Larson v. Central Intelligence Agency*, 843 F.2d 1482, 1483 (D.C. Cir. 1988); *National Sec. Archive v. U.S. Dept. of Defense*, 880 F.2d 1381, 1385-87 (D.C. Cir. 1989); *see also, Judicial Watch, Inc. v. United States Dep't. of Commerce*, No. 95-0133 (D.D.C. May 16, 1995) (order granting Judicial Watch USA, Inc.'s request for fee waiver with regard to all responsive documents in proceeding).

Requester Freedom Watch USA, Inc. is a non-profit, non-partisan, tax-exempt 501(c)(3) organization which as a public interest organization which specializes in deterring, monitoring, uncovering, and addressing public corruption in government.  Freedom Watch USA has and will hold Republicans, Democrats, and Independents equally accountable to ethical and legal standards for honest and open government. It disseminates information, as is its mission, to the public through its website at www.freedomwatchusa.org, press releases, seminars and speeches, the radio show of its chairman and general counsel, Larry Klayman (see www.radioamerica.org or www.freedomwatchusa.org), You Tube, Roku, Amazon Fire, Twitter, and appearances on other radio shows and cable news networks such as Fox News, One America Network, i 24,  and Newsmax.com. Freedom Watch's chairman and general counsel, Larry Klayman, also has published a weekly column at www.wnd.com and has a blog named "Klayman's Court" at Newsmax.com, among other forms of public dissemination of information to educate the citizenry.

The requesters have no commercial purpose as a 501(c)(3) non-profit organization organized exclusively to improve the ethical and legal standards in government, accountability of government officials to the rule of law, and public understanding of government operations.

Freedom Watch thus will also use the requested material to promote accountable government as a representative of the news media and the public in accordance with 5 U.S.C. § 552(a)(4)(A)(ii)(II) and *National Sec. Archive v. U.S. Dept. of Defense*, 880 F.2d 1381, 1385-87 (D.C. Cir. 1989), by disseminating relevant information which may be uncovered.  Information will benefit the public by identifying areas for future reform as well as deterring future abuses that could otherwise proliferate without scrutiny.

The subject of this request is information concerning the operations and activities of the government.   Past experience of demonstrates the success of Freedom Watch in uncovering important facts about government activities, integrity and operations, of broad concern to the public.  This request is likely to "contribute significantly" to the public's understanding of the operations of their government, satisfying the requirements of FOIA fee waiver provisions.

Immediate release of the requested information is in the public interest, including for promoting confidence in an honest democratic system, and furthering the integrity of the American national government by deterring and/or sanctioning corrupt activities. The failure to do so will likely result in the further compromise of important interests of the American people.

## REQUEST FOR EXPEDITED PROCESSING

Freedom Watch hereby requests expedited processing of this request pursuant to 5 U.S.C. § 552(a)(6)(E)(ii)(I), as there is a compelling need for this information and time is truly of the essence in this matter, as the integrity of the system of justice is at issue concerning the unlawful indictment, unlawful incarceration and unlawful continuing imprisonment of Francis Schaeffer Cox, all in violation of constitutional rights. *See Open America v. Watergate Special Prosecution Force*, 547 F.2d 605, 614-16 (D.C. Cir. 1976) (holding that requests that involved a far greater degree of urgency than others should be processed out of turn). *See also Mills v. District of Columbia*, 571 F.3d 1304 (D.C. Cir. 2009). Damage is presumed when the Constitution is violated. "It has long been established that the loss of constitutional freedoms, `for even minimal periods of time, unquestionably constitutes irreparable injury.'" *Id*. at 1312. Even one day of constitutional injury constitutes irreparable injury, and here, the constitutional injury to Mr. Cox is ongoing as he is being held unlawfully in prison in the Federal Correctional Institution in Terre Haute, Indiana.

Pursuant to 5 U.S.C. §552(a)(6)(E)(ii)(I) the foregoing is true and correct to the best of Freedom Watch's knowledge and belief.


Sincerely,

Larry Klayman, Esq.
Freedom Watch, Inc.
2020 Pennsylvania Ave, N.W., Suite 345
Washington, D.C. 20006
Tel: 310 595 0800
leklayman@gmail.com

Chairman and General Counsel

<u>PLEASE SEND TRUE COPIES OF THE REQUESTED DOCUMENTS WITH 10
CALENDAR DAYS BY EXPRESS MAIL, AS DEFINED HEREIN, TO THE ABOVE
ADDRESS.</u>

## FAX COVER SHEET

| | |
|---|---|
| TO | Federal Bureau of Investigation |
| COMPANY | |
| FAX NUMBER | 15408684997 |
| FROM | Larry Klayman |
| DATE | 2018-08-21 22:21:05 GMT |
| RE | FOIA Request |

COVER MESSAGE

Attached is a Freedom of Information Act request for Freedom Watch, Inc.

## FAX COVER SHEET

| | |
|---|---|
| TO | ATF |
| COMPANY | |
| FAX NUMBER | 12026489619 |
| FROM | Larry Klayman |
| DATE | 2018-08-21 22:21:08 GMT |
| RE | FOIA Request |

COVER MESSAGE

Attached is a Freedom of Information Act request for Freedom Watch, Inc.

## FAX COVER SHEET

| | |
|---|---|
| TO | Department of Justice |
| COMPANY | |
| FAX NUMBER | 12026166695 |
| FROM | Larry Klayman |
| DATE | 2018-08-21 22:21:07 GMT |
| RE | FOIA Request |

COVER MESSAGE

Attached is a Freedom of Information Act request for Freedom Watch, Inc.