IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREEDOM WATCH, INC.,<br><br>                  Plaintiff,<br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION, U.S. DEPARTMENT OF JUSTICE, and BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES,<br><br>                  Defendants. | Civil Action No. 1:18-cv-02116<br>(EGS) |
| FRANCIS SCHAEFFER COX.,<br><br>                  Plaintiff,<br>v.<br><br>EXECUTIVE OFFICE OF U.S. ATTORNEYS *ET AL*.,<br><br>                  Defendants. | Civil Action No. 1:18-cv-02657<br>(EGS) |

**JOINT STATUS REPORT**

**Plaintiffs' Position**

Pursuant to the honorable Court's Minute Order of March 5, 2019, Plaintiffs Freedom Watch, Inc. ("Freedom Watch") and Francis Schaeffer Cox ("Cox") hereby submit that counsel for Plaintiffs and counsel for Defendants participated in meet and confer phone calls on March 6 and March 7, 2019 and discussed three issues.

First, Plaintiffs asked the government Defendants to produce on a priority basis documents that concern three informants whose names are public. Two of these informants are named Bill Fulton who recently published a book concerning Plaintiff Cox titled, *The Blood of Patriots: How I Took Down An Anti-Government Militia with Beer, Bounty Hunting, and*

*Badassery*, as well as R. J. Olson. The undersigned counsel will provide the name of the third informant no later than Monday, March 11, 2019 to the Defendants' counsel. Others to be searched on a priority basis are Richard Sutherland and Steve Skrocki, the latter of who was the prosecutor in the Ted Stevens criminal prosecution, which this Court presided over. He is alleged by Plaintiff Cox to have engaged in similar prosecutorial misconduct in the Cox prosecution.

Second, during the meet and confer, while Plaintiffs prefer that Defendants perform a search on a document by document basis for purposes of thoroughness, if the Court orders a word search, Plaintiffs confirmed that counsel would send an email to defense counsel providing her with such search terms within the near future.

Third, Plaintiffs requested that Defendants provide any and all documentation, tape or audio recordings and other recordations of Plaintiff Cox or anyone or entity explicitly recognizing and admitting that he did not want to commit violence upon anyone.

Otherwise responsive documents were respectfully requested to be produced expeditiously as these documents are needed to defend and represent Plaintiff Cox in upcoming legal proceedings, such a resentencing.

Finally, Plaintiffs respectfully request an "in person" status conference for any time during the day of April 28, 2019, or the afternoon of April 29, 2019, when the undersigned counsel will be in town. This confirms that the undersigned counsel does represent Plaintiff Cox but Defendants are also free to confirm this on their own through the Bureau of Prisons. All responsive documents should be expeditiously sent to the address of the undersigned counsel below.

**Defendants' Position**

The Defendants filed a Motion for Summary Judgment ("Motion") in the "*Cox* Action" on August 10, 2018. The Motion addressed Counts two through five of the six Counts in

Plaintiff's Complaint in the *Cox* Action. The Plaintiff never responded to the Motion.[1] The only remaining Count in the *Cox* Action is Count 1, which pertains to Plaintiff's request to the FBI for all records in the Agency's possession about himself. The FBI was on a rolling production schedule as to Count 1, which has now ended. The FBI has completed its production of responsive records subject to the FOIA, and over 5,000 pages were reviewed and sent to Mr. Cox in 11 releases. The only exception to this is media items. The FBI has notified Mr. Cox that media items cannot be sent to a penal institution. The FBI is now ready to submit a briefing schedule to the Court as to Count 1 in the *Cox* Action. Defendants desire to file a Reply in the *Freedom Watch* Action, Civil Action No. 18-2116, which this Court has consolidated with *Cox*. Defendants desire to file a consolidated Reply (*Freedom Watch*) and Motion for Summary Judgment (pertaining to Count 1 in the *Cox* Action) on July 31, 2019.

This time is necessary to: 1) determine if Mr. Cox is represented by Mr. Klayman as the FBI has not received confirmation from Mr. Cox of said representation; 2) prepare a declaration and/or *Vaughn* index addressing the 5,000 pages that were reviewed; 3) acquire declarations from as many as 10 Agencies the FBI consulted regarding the third-party agency records; and 4) determine from Mr. Cox whether there is an alternate address to send the media items because no media is sent to a penal institution.[2]

---

[1] On October 23, 2019, an attempt was made to file a Cross-Motion for Summary Judgment in the Cox Action but the court struck the Motion from the record. *See* ECF. No. 62.

[2] If Mr. Cox provides an alternate address, the FBI will need additional time to process the media items before the briefing of this additional material.

**Dated**: March 8, 2019

| | |
|---|---|
| /s/ *Larry Klayman* | Respectfully Submitted, |
| Larry Klayman, Esq. | |
| D.C. Bar No. 334581 | JESSIE K. LIU |
| Freedom Watch, Inc. | D.C. Bar 472845 |
| 2020 Pennsylvania Ave. NW, Suite 345 | United States Attorney |
| Washington, DC 20006 | |
| Tel: (310) 595-0800 | DANIEL F. VAN HORN |
| Email: leklayman@gmail.com | D.C. Bar 924092 |
| | Chief, Civil Division |
| *Attorney for Plaintiff* | |
| | By: /s/ *Heather Graham-Oliver* |
| | On behalf of Melanie Hendry |
| | Assistant United States Attorney |
| | 555 4th Street, N.W. |
| | Washington, D.C. 20530 |
| | Tel: (202) 252-2520 |
| | E-mail: heather.graham-oliver@usdoj.gov |
| | |
| | *Defendant's Counsel* |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of March 2019, a true and correct copy of the foregoing was filed and served via CM/ECF to all counsel and parties of record.

<div style="text-align:right">/s/ *Larry Klayman*</div>